NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3149

JOSEPH L. RAINONE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Joseph L. Rainone, of North Baldwin, New York, pro se.

A. Bondurant Eley, Trail Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3149

JOSEPH L. RAINONE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  September 20, 2007

_____

Before RADER, BRYSON, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

### DECISION

Joseph L. Rainone petitions for review of a decision of the Merit Systems Protection Board, No. NY-831E-05-0277-X-1, dismissing his petition for enforcement of a prior Board decision holding that Mr. Rainone was entitled to disability retirement. The Board concluded that it was jurisdictionally barred from determining whether the individual retirement record ("IRR") maintained by Mr. Rainone's employing agency correctly identified the date of his retirement for purposes of calculating his retirement benefits.  We <u>affirm</u>.

BACKGROUND

On May 15, 2006, the Board reversed the determination by the Office of Personnel Management ("OPM") that Mr. Rainone was not entitled to disability retirement benefits under the Civil Service Retirement System. The Board found that Mr. Rainone had been disabled since June 19, 1999, and was unable to perform useful and efficient service in his position with the United States Postal Service between June 19, 1999, and the date of his voluntary retirement on January 31, 2004. Rainone v. Office of Pers. Mgmt., 102 M.S.P.R. 88 (2006). OPM issued a payment to Mr. Rainone according to that decision. In doing so, however, it used July 28, 2000, as his last day in pay status for purposes of calculating the award. OPM used that date because, after the Board's decision, the Postal Service submitted to OPM a corrected IRR setting forth July 28, 2000, as Mr. Rainone's last day in pay status. Mr. Rainone filed a petition for enforcement with the Board, asking that the Board order OPM to make an additional disability retirement annuity payment for the period between June 19, 1999, and July 28, 2000. He contends that the evidence of record indicates that he did not return to work after June 19, 1999, and that the corrected IRR is erroneous.

The Board held that "OPM is entitled to rely on the information contained in the IRR unless and until the IRR is amended by the employing agency." It concluded that "the Board lacks jurisdiction to review the employing agency's certification of an IRR" and that the Board was limited to reviewing whether OPM properly relied on the IRR in making its calculations. Finding that OPM relied on Mr. Rainone's corrected IRR, the Board held that the agency was in compliance with the Board's previous order and dismissed the enforcement action.

2007-3149                                    2

DISCUSSION

The annuity of an employee who retires under 5 U.S.C. § 8337 due to a disability "shall commence on the day after separation from the service or the day after pay ceases and the service and age or disability requirements for title to [an] annuity are met." 5 U.S.C. § 8345(b)(2). OPM has promulgated regulations stating that the IRR "is the basic record for action on all claims for annuity or refund." 5 C.F.R. § 831.103(a). Subsection (b) of that regulation states that, "[w]hen an official record cannot develop the required information, the department, agency, or OPM should request inferior or secondary evidence which is then admissible."

The Board has held that section 831.103(a) entitles OPM to rely on information in the employing agency's official IRR unless the agency amends that information. O'Connell v. Office of Pers. Mgmt., 103 M.S.P.R. 579, 580-81 (2006). Based on that regulation, the Board has ruled that it lacks jurisdiction to order OPM to obtain a corrected IRR and has held that the Board is limited to determining whether OPM "properly relied" on the submitted IRR when calculating the amount of any retirement right. Id. at 580. The Board has explained that an employee's recourse, in cases in which the employee contends that the IRR is incorrect, is not to seek relief from the Board but to seek correction of the IRR by the employing agency. Id. at 581; see Maxwell v. Office of Pers. Mgmt., 78 M.S.P.R. 350, 357-59 (1998).

OPM's regulation does not by its terms state that neither OPM nor the Board may question the accuracy of an agency's IRR in the course of calculating a retirement annuity. However, OPM and the Board have construed the regulation in that manner. OPM's interpretation of its own regulation is entitled to substantial deference. Auer v.

<u>Robbins</u>, 519 U.S. 452, 461-62 (1997); <u>Bowles v. Seminole Rock & Sand Co.</u>, 325 U.S. 410, 414 (1945); <u>Cathedral Candle Co. v. U.S. Int'l Trade Comm'n</u>, 400 F.3d 1352, 1363-64 (Fed. Cir. 2005). Because OPM's interpretation is not unlawful or plainly contrary to the text of the regulation, we defer to that interpretation. We therefore sustain the Board's ruling that an employing agency's IRR is binding on OPM and the Board with respect to questions as to an annuitant's employment record in cases in which the IRR or other similar record is not lost, destroyed, or incomplete.

As the Board has explained, the proper remedy for a person in Mr. Rainone's position is to seek relief from the federal employer in the first instance, requesting a correction of his records. Absent a satisfactory resolution by the agency, the employee may not seek relief from the Merit Systems Protection Board, but is required to pursue his legal rights in district court under the Privacy Act of 1974, 5 U.S.C. § 552a.

In this case, it may not be necessary for Mr. Rainone to seek relief through that mechanism, as government counsel has advised us that the Postal Service has reviewed Mr. Rainone's records and has determined that a revision of his IRR may be in order. The government has further suggested that, after the Postal Service makes a final determination with respect to amending Mr. Rainone's IRR, it may be appropriate for us to remand this case to the Board with directions that the Board remand the case to OPM for adjustment of Mr. Rainone's benefits in light of the revision in his records. In response to the government's post-briefing submissions, Mr. Rainone has filed a motion for a stay of proceedings in this court.

Although we recognize that Mr. Rainone may be entitled to a change in the amount of his award from OPM, we do not believe that remanding the case to the Board

is the proper course for us to follow. The Board has held that it lacks jurisdiction over this matter, and we have upheld that ruling; it is therefore not clear that the Board has any authority to order relief or to direct OPM to grant relief to Mr. Rainone. Nor do we believe there is any reason to postpone ruling on the narrow legal issue presented in this appeal, i.e., whether the Board has jurisdiction to review the correctness of an employee's IRR. Accordingly, we <u>deny</u> Mr. Rainone's motion for a stay of proceedings. In light of the representations made to the court by government counsel, we are confident that the Postal Service will complete its reexamination of Mr. Rainone's employment records and amend his IRR, if appropriate, without further order from this court or the Board. If Mr. Rainone is dissatisfied with the resolution of the matter after the Postal Service decides whether and how to amend his IRR, his remedy is to seek to vindicate his rights by an action under the Privacy Act.

Mr. Rainone has also requested reimbursement of his docketing fee, a request that we treat as a motion for an award of costs. We <u>deny</u> the motion for an award of costs, however, because Mr. Rainone is not the "prevailing party" in this case, which he must be in order to be entitled to an award of costs against the government. <u>See</u> 28 U.S.C. § 2412(a)(1). While Mr. Rainone may ultimately obtain a larger award, any benefit that he obtains will not be because he has prevailed on the legal issues he has raised in his petition for review, but because of the Postal Service's determination, independent of any relief granted by this court, that he is entitled to an amendment of his IRR.

No costs.