NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3240

SAMUEL S. LEE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Samuel S. Lee, III, of Peachtree City, Georgia, pro se.

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3240

SAMUEL S. LEE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0842070967-I-1.

_____

DECIDED: December 3, 2008

_____

Before NEWMAN, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Petitioner Samuel Lee appeals the final decision of the Merit Systems Protection Board (Board). Lee v. Office of Pers. Mgmt., 108 M.S.P.R. 321 (M.S.P.B. 2008). The Board affirmed as modified the Office of Personnel Management's (OPM) decision denying Mr. Lee's request to change his retirement records to reflect service creditable under the Civil Service Retirement System (CSRS) from September 1977 until May 1979. We affirm.

BACKGROUND

In 2006, Mr. Lee retired after over 30 years of federal military and civilian service. This case concerns Mr. Lee's claim that he should receive service creditable under

CSRS for the period of time between September 10, 1977 and May 3, 1979 (the disputed time). Just prior to the disputed time, Mr. Lee was employed by the University of the District of Columbia (UDC). On September 9, 1977, UDC terminated Mr. Lee's employment, and Mr. Lee brought a personnel action against UDC. On July 2, 1979, pursuant to a settlement of the action, UDC paid Mr. Lee $20,000 and agreed that Mr. Lee's resignation from UDC was effective on May 3, 1979. The settlement agreement did not specify whether it operated to credit Mr. Lee with federal service during the disputed time—only that the $20,000 payment reflected "back pay from the date of his termination through November 1978." Notwithstanding the settlement agreement, Mr. Lee's Individual Retirement Record (IRR) reflects only that he was terminated on September 9, 1977. The next entry on the IRR reflects Mr. Lee's employment by the Federal Bureau of Prisons (BOP) beginning on May 16, 1982. Mr. Lee worked for BOP until he retired in 2006.

In 1998, Mr. Lee reviewed his IRR and concluded that it did not reflect creditable service during the disputed time. Throughout 1998, with the assistance of his supervisor at BOP, Mr. Lee corresponded with OPM and UDC in an effort to locate records that would support his claim for creditable service during the disputed time. A UDC representative wrote to BOP, explaining that she "was unable to find documentation to support Mr. Lee's direct employment with the University. There are no records to indicate Mr. Lee transferred to the university's payroll at any time." In 2006, Mr. Lee retired, and thereafter initiated an action OPM seeking retirement credit for the disputed time.

On September 6, 2006, OPM disallowed Mr. Lee's claim for credit because it was "unable to prove that the appointment at [UDC] was a Federal position." Mr. Lee requested reconsideration, and on July 25, 2007, OPM affirmed its initial decision. OPM could find no evidence that Mr. Lee performed service for UDC as a federal employee during the disputed time. OPM reviewed the settlement agreement and concluded that it did not verify employment or indicate reimbursement to CSRS during the disputed time. Mr. Lee appealed OPM's reconsideration decision to the Board.

In an initial decision, the administrative judge (AJ) reversed OPM. Lee v. Office of Pers. Mgmt., No. AT-0842-07-0967-I-1, 2007 M.S.P.B. LEXIS 7725 (M.S.P.B. Nov. 30, 2007). In doing so, the AJ noted that Mr. Lee's employment records—e.g., SF-50s, SF-52s, or pay records that reflect Mr. Lee's status during the disputed time—were either lost or destroyed. Id. at *5. In consideration of testimony and the other evidence of record, including the settlement agreement, the AJ found that Mr. Lee "was in a covered federal position" for the disputed time, and was "entitled to service credit" for that time. Id. at *6. OPM filed a petition for review of the initial decision.

On petition for review, OPM argued that the official record on which it relied—Mr. Lee's IRR—did not show that Mr. Lee held a federal position during the disputed time. Lee, 108 M.S.P.R. at 323. The Board granted OPM's petition, reversed the initial decision, and affirmed OPM's reconsideration decision as modified. Id. at 322. The Board explained that its "review is limited to determining whether [OPM] properly relied on [Mr. Lee's] IRR." Id. at 323. Because Mr. Lee's IRR reflected that his employment with UDC ended on September 9, 1977, "OPM's failure to credit [Mr. Lee] for service

[during the disputed time] therefore is consistent with the IRR." Mr. Lee now timely appeals.

DISCUSSION

This court must affirm a decision of the Merit Systems Protection Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). OPM's interpretation of its own regulation is entitled to substantial deference. Auer v. Robbins, 519 U.S. 452, 461-62, (1997); Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945); Cathedral Candle Co. v. United States ITC, 400 F.3d 1352, 1363-64 (Fed. Cir. 2005). Mr. Lee has the burden of proving that he is entitled to an annuity. Cheeseman v. OPM, 791 F.2d 138, 141 (Fed. Cir. 1986).

Mr. Lee contends that OPM incorrectly declined to consider "inferior or secondary evidence" of his federal employment during the disputed period under 5 C.F.R. § 831.103(b), and argues that such evidence—e.g., the settlement agreement—would demonstrate creditable service. OPM promulgated § 831.103, which provides:

> (a) Standard Form 2806 (Individual Retirement Record) is the basic record for action on all claims for annuity or refund, and those pertaining to deceased employees, deceased Members, or deceased annuitants.
>
> (b) When the records of the department or agency concerned are lost, destroyed, or incomplete, the department or agency shall request the General Accounting Office, through OPM, to furnish the data that it considers necessary for a proper determination of the rights of the claimant. When an official record cannot develop the required information, the department, agency, or OPM should request inferior or secondary evidence which is then admissible.

The Board and OPM have construed § 831.103(a) to mean that neither may question the accuracy of an agency's IRR in the course of calculating a retirement annuity. O'Connell v. Office of Pers. Mgmt., 103 M.S.P.R. 579, 580-81 (2006); Rainone v. Office of Pers. Mgmt., 104 M.S.P.R. 423, 426 (M.S.P.B. 2007), aff'd, 249 F. App'x 823 (Fed. Cir. 2007). We defer to this interpretation because it is not unlawful or plainly contrary to the text of the regulation.

There is no evidence that Mr. Lee's IRR is lost, destroyed, or incomplete. The IRR unambiguously states that his federal service was terminated by UDC on September 9, 1977, and did not resume until he was employed by BOP on May 16, 1982. Thus, OPM properly relied upon the IRR in failing to credit Mr. Lee with service during the disputed time.

As the Board explained, "[i]f [Mr. Lee] wishes to pursue his claim for service credit for the period at issue here, he should seek amendment of his IRR by the District of Columbia Government. If he obtains such an amendment, he may request a new determination of his annuity entitlement from OPM. If [Mr. Lee] is dissatisfied with OPM's final decision following its receipt of an amended IRR, he may file a new appeal from that decision." Lee, 108 M.S.P.R. at 324. OPM went on record before the Board stating that "on receipt of an amended IRR reflecting service from 1977 to 1979, it 'will retroactively recalculate [Mr. Lee's] annuity payments.'" Id. at 324, n.1.

Further, OPM correctly points out that if the District of Columbia Government fails to provide Mr. Lee with a satisfactory resolution, Mr. Lee's proper avenue of relief is not through the Merit Systems Protection Board, but in district court under the Privacy Act of 1974, 5 U.S.C. § 552a. In particular, § 552a(g)(1) grants a cause of action against an

agency that "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the . . . benefits to the individual that may be made on the basis of such record . . . ." We note that the settlement agreement reflects that "[t]he University agrees that the official personnel file of Mr. Samuel Lee will be recreated." Accordingly, the decision of the Board is affirmed.

COSTS

No costs.