NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3160

MARGARET L. THOMAS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Margaret L. Thomas, of Madison, Georgia, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3160

MARGARET L. THOMAS

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT

Respondent.

Petition for review of the Merit Systems Protection Board in TA-0831-07-0861-I-2.

_____

DECIDED:  October 16, 2009

_____

Before MAYER, RADER, and MOORE, Circuit Judges.

PER CURIAM.

I.

The Merit Systems Protection Board ("MSPB or Board") affirmed the decision of the Office of Personnel Management ("OPM") that denied Ms. Margaret L. Thomas's request for an adjustment of her high-three average retirement salary and gross monthly annuity rates.  Because the Board properly relied upon Ms. Thomas's Individual Retirement Record ("IRR" or "SF-2806") when calculating her retirement salary and annuities, this court affirms.

II.

Ms. Thomas worked for the United States Postal Service ("USPS") from 1969 until 1992. On August 22, 1992, she retired under the disability provisions of the Civil Service Retirement System. Thereafter, Ms. Thomas received a retirement salary based upon her "average pay," defined as:

> [T]he largest annual rate resulting from <u>averaging an employee's or Member's rates of basic pay in effect over any 3 consecutive years of creditable service</u>. . . .

5 U.S.C. § 8331(4) (2008) (emphasis added). Ms. Thomas received a retirement salary of $29,280.00 and monthly annuities based on the salary for fifteen years without complaint. In 2007, however, Ms. Thomas requested that OPM recalculate her retirement salary, offering paystubs as evidence that the retirement salary had originally been miscalculated. OPM responded to Ms. Thomas on March 20, 2007, and July 9, 2007, that it did not have the authority to change her IRR, but must rely upon the certified IRR provided from the USPS. Based on the certified IRR, OPM concluded that Ms. Thomas's high-three average retirement salary was calculated correctly.

Ms. Thomas appealed OPM's July 9, 2007, reconsideration decision to the MSPB on July 25, 2007. On September 27, 2007, the administrative judge ("AJ") denied Ms. Thomas's request to compel discovery from OPM to obtain documentary evidence that her IRR and retirement salary were incorrect. The AJ noted that, under 5 C.F.R. § 831.103(a) (2005), the IRR "is the basic record for action on all claims for annuity or refund." Thomas v. Office of Pers. Mgmt., No. AT-0831-07-0861-I-1 (M.S.P.R. Sept. 27, 2007). "[O]ther documents pertaining to the appellant's pay during the relevant time period are not likely to lead to the discovery of admissible evidence

since the Board will only be considering her [IRR] in determining whether appellant's annuity has been correctly computed." Id. Accordingly, the AJ denied Ms. Thomas's motion.

At that point, Ms. Thomas filed a motion to recuse the AJ. On October 9, 2007, the AJ denied this motion but extended the close of the record in the appeal to November 1, 2007, to allow Ms. Thomas to obtain a corrected IRR from the USPS. See Thomas v. Office of Pers. Mgmt., No. AT-0831-07-0861-I-1 (M.S.P.R. Oct. 9, 2007). Not having received a corrected IRR by then, the AJ granted Ms. Thomas's motion on November 6, 2007, to dismiss the appeal without prejudice and allow her sufficient time to obtain a corrected IRR.

By January 21, 2009, Ms. Thomas still had not obtained a corrected IRR from the USPS. Sympathizing with Ms. Thomas's position, the AJ had no choice but to affirm OPM's reconsideration. See Thomas v. Office of Pers. Mgmt., No. AT-0831-07-0861-I-1 (M.S.P.R. Jan. 21, 2009). The AJ found that OPM was entitled to rely on the information in the IRR "unless and until the IRR is amended by the [USPS]." Id. On March, 31, 2009, the full Board denied Ms. Thomas's petition for review of the AJ's initial decision, becoming final on this date. Ms. Thomas timely appealed to this court.

III.

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1998); see also Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999).

The Board correctly concluded that OPM could only rely on the certified IRR when reviewing Ms. Thomas's average annual retirement salary and monthly annuities. In addition to pay stubs, Ms. Thomas offers, among other things, W-2s and emails between her and USPS employees as evidence of her higher average retirement salary.

To calculate Ms. Thomas's retirement salary, the Board considered that:

(a) <u>Standard Form 2806 (Individual Retirement Record) is the basic record for action on all claims for annuity</u> or refund, and those pertaining to deceased employees, deceased Members, or deceased annuitants.

(b) When the records of the department or agency concerned are <u>lost, destroyed, or incomplete</u>, the department or agency shall request the General Accounting Office, through OPM, to furnish the data that it considers necessary for a proper determination of the rights of the claimant. When an official record cannot develop the required information, the department, agency, or OPM should request inferior or secondary evidence which is then admissible.

5 C.F.R. § 831.103 (emphasis added).

The Board and OPM interpreted § 831.103 to mean that they may not question the accuracy of an IRR when calculating a retirement salary. This court accords the OPM's interpretation of its own regulations substantial deference. <u>See</u> <u>Easter v. United States</u>, 575 F.3d 1332, 1339 (Fed. Cir. 2009); <u>Lee v. Office of Pers. Mgmt.</u>, 301 Fed. Appx. 926, 928 (Fed. Cir. 2009) (deferring to OPM's interpretation of 5 C.F.R. § 831.103 because "it is not unlawful or plainly contrary to the text of the regulation"); <u>see also</u> <u>Rainone v. Office of Pers. Mgmt.</u>, 249 Fed. Appx. 823, 825 (Fed. Cir. 2007) (same). Because Ms. Thomas's IRR was not "lost, destroyed or stolen," OPM was justified in relying on the information in the IRR and discounting Ms. Thomas's other evidence.

Ms. Thomas argues that OPM and the Board submitted no proof that the IRR is correct. The burden, however, is on Ms. Thomas to show that that the IRR is

inaccurate. See Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 141 (Fed. Cir. 1986); Lee, 301 Fed. Appx. at 928. If Ms. Thomas believes that the IRR is incorrect, then she must obtain a corrected IRR from the USPS. The AJ provided Ms. Thomas an opportunity to do so. Ms. Thomas, however, was unsuccessful in her attempt. If Ms. Thomas is unsatisfied with the USPS's production of her IRR, she may file suit in federal district court for a review of this issue, but not the MSPB. See Lee, 301 Fed. Appx. at 929 (noting that 5 U.S.C. § 552a(g)(1)(c) grants a cause of action in federal district court when an agency fails to maintain accurate records upon which a benefit determination is based).

Ms. Thomas also asserts that the AJ abused his discretion by denying her discovery and recusal motions. According to Ms. Thomas, discovery is needed so that the AJ can properly understand the case and ensure that "all positive letters, forms, etc. that are in appellant's favor are in the record." Pet. R. Br. at 8; Pet. Br. at 3. MSPB regulations permit the AJ to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." 5 C.F.R. § 1201.72(d)(3) (2008).

Here, the AJ correctly noted that the IRR was the basic record for all annuity claims. Further, § 831.103(b) allows other evidence only if the IRR is "lost, stolen or incomplete." Ms. Thomas alleged that her IRR was incorrect, not lost, stolen or incomplete. Thus, the documents that Ms. Thomas sought through discovery were not admissible under § 831.103. As a result, the AJ did not abuse his discretion when he denied Ms. Thomas's discovery request because the burden on OPM outweighed the likely benefit to Ms. Thomas.

Ms. Thomas has waived any argument regarding her recusal motion. Recusal of an AJ at the MSPB is governed by 5 C.F.R. § 1201.42 (2006), which states: "[I]f the judge denies the motion, the party requesting withdrawal may request certification of the issue to the Board as an interlocutory appeal under § 1201.91 of this part. Failure to request certification is considered a waiver of the request for withdrawal." § 1201.42(c) (emphasis added). No record exists of Ms. Thomas's request for certification of this issue to the Board. Thus, she has waived the issue of her request for withdrawal.

Nevertheless, the result would be the same if this court were to reach the merits of this issue because the AJ did not abuse his discretion by denying the recusal motion. A strong presumption of good faith exists on the part of administrative judges. See Sanders v. U.S. Postal Serv., 801 F.2d 1328, 1331 (Fed. Cir. 1986); King-Zeithamel v. Office of Pers. Mgmt., 178 F.3d 1312 (Fed. Cir. 1998). Ms. Thomas's motion for recusal was based upon the AJ's denial of her discovery motion. Absent "a high degree of favoritism or antagonism [so] as to make fair judgment impossible," an administrative judge's rulings alone cannot overcome the presumption of good faith. See Chianelli v. Envtl. Protection Agency, 8 Fed. Appx. 971, 981 (Fed. Cir. 2001) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)); Currier v. U.S. Postal Serv., 79 M.S.P.R. 177, 182 (1998). Because Ms. Thomas has presented no evidence of favoritism or antagonism, this court finds that the AJ did not abuse his discretion in denying her recusal motion.

Ms. Thomas also complains that the AJ failed to impose sanctions under 5 C.F.R. § 1201.43 (2006) and failed to order OPM to comply with 5 C.F.R. § 1201.25 (2006), which governs the content of an agency's response to a Board appeal. Both

contentions lack merit. The imposition of sanctions is at the discretion of the AJ. Ms. Thomas presented no evidence of sanctionable conduct by any party. Moreover, the record shows that OPM fully complied with § 1201.25, providing all relevant documents and a detailed explanation for its decision.

Finally, Ms. Thomas alleges that she was denied due process of law under the Fifth Amendment of the United States Constitution and discriminated against because "she has the same right as all other employees who's annuities [were] set-up using" a correct average salary. Pet. Br. at 9. Again, if Ms. Thomas believes that her IRR contains incorrect information, the proper avenue for her grievance is first with the USPS, and then a district court if necessary. Ms. Thomas's remaining allegations against the USPS were not raised before OPM or the Board and, as such, may not be reviewed by this court.

Because the Board and OPM permissibly relied upon the certified IRR from the USPS to calculate and review Ms. Thomas's high-three average retirement salary and monthly annuities, and Ms. Thomas's other bases for reversal lack merit, this court affirms the Board's decision.

AFFIRMED

No costs.