**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATRICIA A. BUGGS,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
DC-0752-21-0674-I-2

DATE: May 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Patricia A. Buggs</u>, Fredericksburg, Virginia, pro se.

<u>Eva M. Clements</u>, Quantico, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. On petition for review, the appellant argues that the Board's March 4, 2022 ratification of the Merit Systems Protection Board's administrative judges' appointments is unconstitutional and requests that the Board forward her case to arbitration. Petition for Review (PFR) File, Tab 1 at 4. Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant filed an appeal alleging that her resignation from Federal service was involuntary. *Buggs v. Department of the Navy*, MSPB Docket No. DC-0752-21-0674-I-1, Initial Appeal File (IAF), Tab 1. Thereafter, the agency filed a motion to dismiss the appeal without prejudice in which it asserted that there was a question as to whether Board administrative judges were properly appointed under the Appointments Clause. IAF, Tab 8. Specifically, the agency contended that, pursuant to the U.S. Supreme Court's decision in *Lucia v. Securities Exchange Commission*, 138 S. Ct. 2044 (2018), the administrative judge may not have the authority to decide the appeal because the administrative judge may qualify as an Officer of the United States subject to the Appointments Clause, rather than as a mere employee. *Id.* The agency recognized that this

---

[2] Following the petition for review, the appellant filed a motion for leave to submit additional documentation she received pursuant to a Freedom of Information Act request to substantiate her constructive discharge claim. PFR File, Tab 4 at 4. Nonetheless, because the appellant has failed to sufficiently explain how this purported new evidence would be material, i.e., of sufficient weight to warrant a different outcome from that of the initial decision, we DENY her motion. 5 C.F.R. § 1201.114(k); *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

question was currently pending before the Board on interlocutory appeal, and it requested that the appeal be dismissed without prejudice pending review of this question by the Board. On October 18, 2021, the administrative judge dismissed the appeal without prejudice in order for the Board to address this issue. IAF, Tab 9, Initial Decision.

The appeal was automatically re-docketed on April 18, 2022. *Buggs v. Department of the Navy*, MSPB Docket No. DC-0752-21-0674-I-2, Appeal File (I-2 AF), Tab 1. After the case was refiled, the appellant filed a response to the agency's statement on jurisdiction in which she stated that she "has no objection to the current Judge handling the case at hand." I-2 AF, Tab 5. On July 6, 2022, the administrative judge issued an initial decision dismissing the involuntary resignation appeal for lack of jurisdiction. I-2 AF, Tab 10, Initial Decision.

On petition for review, the appellant argues that the ratification of the Board's administrative judges' appointments is unconstitutional because only two Board members ratified the appointments. PFR File, Tab 1 at 4. The appellant also challenges the authority of the administrative judge by contending that the administrative judge has two layers of removal protections. *Id.*

We need not, however, address these arguments because we find that the appellant waived any objection to the administrative judge's authority. The appellant was apprised by the agency's motion to dismiss the appeal and the initial decision dismissing the appeal without prejudice that there was a question pending before the Board on interlocutory appeal regarding whether administrative judges were properly appointed pursuant to the Appointments Clause. IAF, Tab 8-9. The appellant nonetheless expressly waived any objection to the administrative judge adjudicating her appeal in her response to the agency's pleading on jurisdiction. I-2 AF, Tab 5; *see Wynn v U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 9-10 (2010) (explaining the circumstances under which an appellant may be deemed to have expressly waived an affirmative defense), *overruled on other grounds by Thurman v. U.S. Postal Service*, 2022 MSPB 21.

Furthermore, the appellant did not raise any objections to the administrative judge's authority to adjudicate her appeal in her other pleadings below. Thus, even if the appellant's statement below did not constitute an express waiver on its own, the appellant effectively waived any such objection to the administrative judge's authority by not pursuing it below. *See Thurman*, 2022 MSPB 21, ¶¶ 17-18 (explaining that the ultimate question in determining whether an appellant waived an affirmative defense is whether an appellant demonstrated his intent to continue pursuing his affirmative defense, and whether he conveyed that intent after filing the initial appeal).

In addition, the Board's regulations impose particular requirements on litigants who wish to challenge the qualifications of the individual assigned to hear their cases. *McClenning v. Department of the Army*, 2022 MSPB 3, ¶ 14.[3] Specifically, a party seeking to disqualify a judge must file a motion to disqualify as soon as the party has reason to believe there is a basis for disqualification and, if the administrative judge denies that motion, the party must request certification of an interlocutory appeal or the disqualification issue is considered waived. *Id.*; 5 C.F.R. § 1201.42(b)-(c); *see Thomas v. Office of Personnel Management*, 350 F. App'x 448, 451 (Fed. Cir. 2009) (finding that the appellant had waived her request for recusal of the administrative judge by failing to comply with the provisions of 5 C.F.R. § 1201.42). Here, the appellant did not file any such motion below.

To the extent that the appellant requests that the Board forward her involuntary resignation claim to arbitration, because the Board lacks jurisdiction over her claim, it similarly lacks the authority to refer her claim to another forum. *See Brady v. Department of the Treasury*, 94 M.S.P.R. 439, ¶ 7 (2003) (where the Board lacks jurisdiction over a matter, it also lacks authority to refer the matter to another forum that may have jurisdiction).

---

[3] We note that the Board's decision in *McClenning* was issued on March 31, 2022, prior to the July 6, 2022 initial decision dismissing the appeal for lack of jurisdiction. I-2 AF, Tab 10.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.