NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CRYSTAL M. COGGINS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1503

---

Petition for review of the Merit Systems Protection Board in No. DC-844E-19-0411-I-1.

---

Decided: December 9, 2024

---

CRYSTAL M. COGGINS, Jonesville, NC, pro se.

JOSHUA MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, ALBERT S. IAROSSI, PATRICIA M. MCCARTHY.

---

Before DYK, CHEN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Crystal Coggins petitions pro se for review of a decision of the Merit Systems Protection Board ("Board"). The Board affirmed the Office of Personnel Management's denial of her claim for disability retirement benefits. We *affirm*.

## BACKGROUND

This case presents the question of whether Ms. Coggins was employed by the federal government for the 18-month period required to be eligible for disability retirement benefits under the Federal Employee Retirement System ("FERS"), 5 U.S.C. § 8451.

From 2013 to 2015, Ms. Coggins worked as a Registered Nurse at the Salem, Virginia, Medical Center for the Department of Veterans Affairs ("VA"). The parties dispute the effective date of Ms. Coggins's appointment—she says she started work on September 22, 2013, and the government claims her effective start date was October 20, 2013, the date stated in her individual retirement record ("IRR").

On March 27, 2014, Ms. Coggins suffered a seizure while on duty and fell to the ground. Thereafter, she used a combination of annual leave, sick leave, and leave without pay until her termination on June 5, 2015. She subsequently filed an application for disability retirement benefits with the Office of Personnel Management ("OPM").

While Ms. Coggins's claim was pending, the VA corrected her IRR, adjusting her last day of pay from March 24, 2014, to April 10, 2014. Just as the parties dispute her start date, they dispute her end date. Ms. Coggins argues that her last day of pay was May 9, 2014, and the government argues that her last day of pay was April 10, 2014, as stated in her IRR.

In September 2018, OPM issued a decision denying Ms. Coggins's application for benefits on the ground that she failed to meet the required 18 months of creditable service to establish eligibility for disability retirement benefits under 5 U.S.C. § 8451. When Ms. Coggins sought reconsideration of that decision, OPM affirmed, concluding that she had accrued only 17 months and 8 days of creditable federal service.

Ms. Coggins appealed to the Board. In an initial decision, the administrative judge ("AJ") found that Ms. Coggins's service began on October 20, 2013, and her last day of pay was April 10, 2014. In total, Ms. Coggins had taken, according to the AJ, 1469.75 hours or 8 months and 14 days of leave without pay in 2014, for which she received 6 months' creditable service under the applicable OPM regulations. Combining those 6 months of creditable service in 2014 with Ms. Coggins's time on duty before her injury, as well as her creditable time in 2015 before her termination, the AJ concluded that she had accrued "1 year, 5 months[,] and 1 day of creditable service." S. App'x 16.[1] Ms. Coggins also had "36 hours or 7 days of unused sick days," so the AJ found that she had a total of creditable service of "1 year[,] 5 months[,] and 17 days."[2] S. App'x 16. The AJ rejected Ms. Coggins's arguments that

---

[1] Citations to "S. App'x" are to the supplemental appendix filed by the government.

[2] On this point, the AJ's decision appears to contain a typographical or arithmetic error. As the government notes, *see* Respondent Informal Br. 6 n.4, the addition of 7 days to 1 year, 5 months, and 1 day results in a final calculation of 1 year, 5 months, and 8 days of creditable service. The OPM decision that the AJ reviewed includes the correct calculation, and, in any event, to the extent that the AJ's decision presents a different calculation than that of OPM, Ms. Coggins benefits from the discrepancy.

her effective start date was September 22, 2013, because record evidence showed that, although she may have been scheduled to begin work that September, her start was delayed until October, in part because of a government shutdown at the time, during which she was furloughed. The AJ also rejected her claim that her last day of pay was May 9, 2014, in part on the ground that it could not consider the bank records Ms. Coggins submitted to show payments after April 10, 2014, to prove a later last day of pay. In the AJ's view, Ms. Coggins's bank records could not be considered because an audit by the Defense Financial Accounting Service ("DFAS") showed that she should not have been paid on those later dates. The full Board denied review and affirmed the AJ's initial decision.

Ms. Coggins seeks review from this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the judgment of the Board unless its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's fact findings are reviewed for substantial evidence, and we give no deference to its determinations on matters of law. *See Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021). The petitioner "bears the burden of establishing error in the [Board's] decision." *Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (quoting *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998)).

Under the FERS, a federal employee must meet several criteria to receive disability retirement benefits, one of which is that the employee must have completed at least 18 months of creditable time of service when he or she ceases government employment. *See* 5 U.S.C.

§ 8451(a)(1)(A). OPM regulations direct the agency to rely upon the employee's IRR for determining the actual period of service, as that is "the basic record for action on all claims for annuity or refund." 5 C.F.R. § 831.103(a). We have not determined the extent of OPM's obligations to determine the correctness of the dates in an IRR, but we have held that "[f]urther inquiry" by the Board into the accuracy of an IRR "is required" in cases where an employee's IRR contains internal contradictions. *Grover v. Off. of Pers. Mgmt.*, 828 F.3d 1378, 1383–84 (Fed. Cir. 2016). We assume, without deciding, that the IRR record is not conclusive even if it is not self-contradictory.[3]

Ms. Coggins contends that the Board erred by relying on her corrected IRR to identify her start and end dates for purposes of calculating her creditable service time. Ms. Coggins's argument lacks merit. The Board's decision demonstrates that, far from reflexively relying solely upon her corrected IRR, the Board reviewed the accuracy of the document and concluded that it was "accurate given the circumstances surrounding the overpayment," and that "the evidence [Ms. Coggins] submitted [was] insufficient to invalidate any information contained in the corrected and certified IRR." S. App'x 17. The Board considered evidence that corroborated the accuracy of Ms. Coggins's start date

---

[3] Several of our nonprecedential decisions have endorsed interpretations of the regulations by OPM and the Board that an employee's IRR is binding. *See, e.g.*, *Rainone v. Off. of Pers. Mgmt.*, 249 F. App'x 823, 825 (Fed. Cir. 2007). However, since our decision in *Lisanti v. Office of Personnel Management*, 573 F.3d 1334 (Fed. Cir. 2009), the Board has understood that it possesses the authority "to review the accuracy and completeness of IRRs in the context of appeals from OPM final decisions that rely on them." *Conner v. Off. of Pers. Mgmt.*, 2014 M.S.P.B. 26 ¶6 (2014), *aff'd* 620 F. App'x 892 (Fed. Cir. 2015).

as stated in the IRR.  This included "a letter from the VA dated October 11, 2013, stating the effective date of [Ms. Coggins's] appointment was October 20, 2013," S. App'x 17, and Ms. Coggins's own testimony that her start date was "postponed due to the government[-]wide furlough" at the time, S. App'x 15.  Substantial evidence supports the Board's determinations as to Ms. Coggins's start date.

Ms. Coggins next argues that the end date stated in her IRR was not correct.  She contends that she should have received an additional 67.5 hours of creditable service because her IRR listed her last day of pay as April 10, 2014, and she received a payout for accrued leave after that time, on May 9, 2014.  She states that the determination by DFAS that she should not have received payment after her last day of pay on April 10 was made in error.  According to Ms. Coggins, the DFAS audit was predicated on the fact that she improperly received payment for accrued leave because she failed to submit request forms before taking certain periods of leave.  Ms. Coggins argues that she did in fact submit the required forms to the VA.  She was unable to locate those forms in time for her hearing but discovered them shortly thereafter and included them in her petition for review before the full Board, and on that basis, she argues that the full Board should have granted her petition for review.  The government responds that this argument was not properly raised previously, so the Board correctly declined to address it.  Whether the Board erred by not addressing the merits of Ms. Coggins's claim is ultimately immaterial, because even if Ms. Coggins were correct, she would stand to gain only an additional 67.5 hours of creditable time, which is insufficient to meet the required minimum 18 months of service.[4]

---

[4]     In her informal reply brief, Ms. Coggins also argues for the first time that she was previously employed by the

We have considered Ms. Coggins's other arguments and find them unpersuasive.

### AFFIRMED

#### Costs

No costs.

---

U.S. Postal Service as a seasonal worker for several months in 1998, which should have been considered creditable time under the FERS. Ms. Coggins concedes this is a "new argument" not previously raised before the Board. Pet'r Informal Reply Br. 4. As such, the argument is forfeited. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court.").