**Jacquelyn D. COLLINS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION
BOARD, Respondent.**

No. 02–3345.

United States Court of Appeals,
Federal Circuit.

May 14, 2003.

Before MICHEL, LOURIE, and GAJARSA, Circuit Judges.

---

1. Element 2 of the Performance Plan states: "Demonstrates courteous and tactful behavior toward internal and external organizations, coworkers, supervisor and subordinates.

## DECISION

PER CURIAM.

Jacquelyn Collins appeals from the final decision of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction the appeal of her termination during her probationary period. *Collins v. Dep't of the Navy*, Docket No. DC–315H010726–I–1, 91 M.S.P.R. 665 (May 30, 2002). Because the Board's decision was in accordance with the law and based on findings supported by substantial evidence, the dismissal is *affirmed.*

## BACKGROUND

On December 4, 2000, the Department of the Navy ("Agency") appointed Ms. Collins to the position of Relocation Assistance Program Manager, GS–09, at Headquarters Battalion, Henderson Hall Marine Corps Base, in Arlington, Virginia. This appointment was subject to the completion of a one-year probationary period. On August 17, 2001, however, a Notice of Termination letter notified Ms. Collins that she was being terminated from her position, effective that same day. The letter cited element 2 of the Employee Performance Plan as the cause of Ms. Collins's dismissal.[1] In addition, the letter stated that Ms. Collins had more than a minimal number of valid complaints filed against her. Moreover, the letter informed Ms. Collins that as a probationary employee her appeal rights to the Board were limited. In particular, she could appeal the termination to the Board if the termination was based upon partisan political reasons or marital status. Ms. Collins appealed her termination to the Board's Washington Regional Office. Based on

Projects a positive and professional image of the Marine Corps at all times. Valid complaints are minimal."

the record, it appears that Ms. Collins alleged that she was terminated based upon her marital status and race. In particular, Ms. Collins claims she was treated differently from other married persons because she was married to an enlisted man as opposed to an officer. Ms. Collins alleged that another probationary employee with similar conduct problems was not terminated because she was married to an officer. Ms. Collins alleges it is considered professional courtesy within the Navy not to terminate an officer's wife during her probationary period. In addition, Ms. Collins claimed that her termination was based on conditions arising before her appointment.

On August 27, 2001, the chief administrative judge issued an acknowledgment order notifying Ms. Collins that the Board may lack jurisdiction over her appeal because of her status as a probationary employee. The acknowledgment order explained the circumstances in which the Board would have jurisdiction over a probationary employee's termination appeal, distinguished terminations based on pre-appointment and post-appointment reasons, and ordered Ms. Collins to file evidence and argument proving the Board's jurisdiction over her appeal. In response, on October 2, 2001, Ms. Collins filed information in order to establish the Board's jurisdiction over her appeal. As causes of her termination, Ms. Collins cited race, marital status and whistleblowing activities.

On December 21, 2001, the chief administrative judge issued an initial decision addressing Ms. Collins's arguments. The chief administrative judge stated that Ms. Collins, as a probationary employee who was terminated for post-appointment reasons, could appeal only if she made non-frivolous allegations that her termination was due to discrimination based on partisan political reasons or marital status pursuant to 5 C.F.R. § 315.806(b). In contrast, however, Ms. Collins alleged that she was terminated for pre-appointment reasons and, as such, she was subject to the provisions of 5 C.F.R. § 315.805.

The chief administrative judge determined Ms. Collins's termination was based on "unsatisfactory post-employment performance of her duties" because she failed to provide facts to support her belief that she was terminated based on conditions arising in the past. The chief administrative judge further concluded that, absent facts alleging that Ms. Collins was treated differently from unmarried employees, her mere assertion of marital status discrimination did not establish Board jurisdiction over her appeal. With respect to her whistleblowing allegation, the chief administrative judge held that the Board did not have jurisdiction to hear the claim because Ms. Collins had failed to exhaust her administrative remedies by not filing a complaint with the Office of Special Counsel ("OSC"). Finally, the chief administrative judge held that an allegation of race discrimination, by itself, did not invoke the Board's jurisdiction over her appeal. Accordingly, the appeal was dismissed.

Ms. Collins appealed the initial decision to the full Board, which denied her petition for review, thereby rendering the initial decision final. See 5 C.F.R. § 1201.113(b) (2001). The Board, however, noted that it may have jurisdiction over Ms. Collins's whistleblowing allegation. In particular, the Board found that Ms. Collins had submitted a letter from the OSC which indicated that she filed a complaint alleging reprisal for whistleblowing, and that the OSC referred the matter for investigation. To that end, the Board informed Ms. Collins that she could bring her whistleblowing complaint if she timely filed an individual right of action ("IRA"). Ms. Collins

subsequently filed an IRA on August 8, 2002. That IRA is currently pending before the Board.

Ms. Collins timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999). We review the Board's conclusion concerning its own jurisdiction, however, without deference. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed.Cir.1998).

A probationary employee is not an "employee" as defined in 5 U.S.C. § 7511(a)(1) and, as such, is excluded from the statutory appeals process provided pursuant to 5 U.S.C. § 7703(a)(1). A probationary employee may, however, appeal a termination decision pursuant to the Office of Personnel Management regulation, 5 C.F.R. § 315.806(b). Under this regulation, a probationary employee may appeal a termination to the Board provided the employee alleges the termination was based on: (1) partisan political reasons; (2) marital status; or (3) pre-appointment reasons and the agency failed to follow proper procedures in the termination action. 5 C.F.R. §§ 315.805, 315.806 (2001). A probationary employee may allege discrimination based on race, color, religion, sex, national origin, or age only when alleged in addition to one of three reasons listed above. *Bante v. Merit Sys. Prot. Bd.*, 966 F.2d 647, 649 (Fed.Cir.1992).

On appeal, Ms. Collins contends she was terminated based on pre-appointment reasons and, as such, was denied the procedural requirements afforded under 5 C.F.R. § 315.805. Ms. Collins also contends that the Board failed to consider her whistleblowing allegations which would establish pre-appointment reasons for her termination. Lastly, Ms. Collins contends the Board erred in determining she failed to make non-frivolous allegations of discrimination based on marital status.

■ Ms. Collins's arguments on appeal fail to establish that her termination was based only on pre-appointment reasons. The chief administrative judge determined that the Agency terminated Ms. Collins only for reasons related to her work performance during the probationary period, not for conditions arising before her appointment. In particular, the letter of termination dated August 17, 2001 notified Ms. Collins she was being terminated because of her inability to meet the standards of element 2 of the Performance Plan. A termination for such a reason constitutes one for unsatisfactory performance or conduct. Although Ms. Collins alleges there was a discriminatory environment at the facility before her arrival, she fails to allege how this contributed to her termination. Thus, the Board's decision that Ms. Collins's termination was based on post-appointment reasons is supported by substantial evidence and, accordingly, the jurisdictional requirements of § 315.805 have not been met.

Reprisal against an employee for whistleblowing is prohibited under the Whistleblower Protection Act. 5 U.S.C. § 2302(b)(8) (2000). Furthermore, probationary employees are entitled to this protection under this statute. *Horton v. Dep't of the Navy*, 66 F.3d 279, 282 (Fed.Cir. 1995). To establish the Board's jurisdic-

tion over her IRA appeal, Ms. Collins had to show by a preponderance of the evidence that: (1) she engaged in whistleblowing activity by making a "protected disclosure" as defined in 5 U.S.C. § 2302(b)(8); (2) the agency took or threatened to take a "personnel action" against her as defined in 5 U.S.C. § 2302(a)(2)(A); (3) she sought corrective action from the OSC; and (4) she exhausted corrective action proceedings before the OSC. *See Serrao v. Merit Sys. Prot. Bd.,* 95 F.3d 1569, 1574 (Fed.Cir.1996).

In this case, Ms. Collins had not exhausted proceedings before the OSC at the time of the initial decision. From the record before us, it is apparent the request for corrective action occurred after the initial decision. Thus, the chief administrative judge correctly found that the claim of reprisal for whistleblowing was beyond the Board's jurisdiction at that time. In its final order, however, the Board informed Ms. Collins that the OSC decided to refer her whistleblowing allegation for investigation and, as such, she could file an IRA appeal with the Board. Consequently, Ms. Collins has now filed an IRA with the Board and that matter is pending. To the extent Ms. Collins argues that the Board failed to consider her whistleblowing allegations that would establish pre-appointment reasons for her termination, those arguments are before the Board in that appeal, and we lack jurisdiction to consider them.

■ In order to make a non-frivolous allegation of marital status discrimination, Ms. Collins must assert facts, which if proven, demonstrate that married employees were treated different from unmarried employees. *Stokes v. Fed. Aviation Admin.,* 761 F.2d 682, 685 (Fed.Cir.1985). Ms. Collins failed to assert facts that suggest she, as a married employee, was treated differently than unmarried em-

ployees. Instead, Ms. Collins's assertions suggest, at most, that she was treated differently based on her husband's enlisted status in the Navy. Accordingly, Ms. Collins failed to allege discrimination based on marital status.

We have considered Ms. Collins's remaining arguments, including her citation of the Board's decision in *Milanak v. Dept. of Trans.,* 90 M.S.P.R. 219 (2001), and find them unconvincing. For these reasons, the final decision of the Board is affirmed.